AF Approval _____   Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.   8:17-cr-190-T-17TGW

JOSEPH BASSLER                        _____

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by ~~A.~~
*W. Stephen Muldrow, Acting*
~~Lee Bentley, III,~~ United States Attorney for the Middle District of Florida,

and the defendant, Joseph Bassler, and the attorney for the defendant, Frank

Zaremba, mutually agree as follows:

**A.   Particularized Terms**

1.   Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and

Two of the Information. Count One charges the defendant with Mail Fraud,

in violation of 18 U.S.C. § 1341. Count Two charges the defendant with

Money Laundering, in violation of 18 U.S.C. § 1957.

2.   Maximum Penalties

Count One carries a maximum sentence of twenty years'

imprisonment; a fine of twice the gross gain caused by the offense or twice the

Defendant's Initials _____

gross loss caused by the offense, whichever is greater; a term of supervised release of not more than three years; and a special assessment of $100.

Count Two carries a maximum sentence of ten years' imprisonment; a fine of $250,000; a term of supervised release of not more than three years; and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:      the Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

Second:    the false or fraudulent pretenses, representations, or promises were about a material fact;

Third:     the Defendant intended to defraud someone; and

Defendant's Initials _____          2

Fourth:    the Defendant used the United States Postal Service by mailing or by causing to be mailed or a private or commercial interstate carrier by depositing or causing to be deposited with the carrier something meant to help carry out the scheme to defraud.

The elements of Count Two are:

First:     the Defendant knowingly engaged or attempted to engage in a monetary transaction;

Second:    the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

Third:     the property had a value of more than $10,000;

Fourth:    the property was in fact proceeds of the mail fraud, as described in the information; and

Fifth:     the transaction took place in the United States.

4.    Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, arising out of the facts described herein.

Defendant's Initials _____        3

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b) defendant agrees to make full restitution to any person or entity who suffered pecuniary harm as a result of the defendant's conduct described herein. Defendant specifically agrees to make restitution to the BP Economic and Property Damages Settlement Trust in the amount of $636,004.88.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the

Defendant's Initials _____          4

defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a

Defendant's Initials _JLB_          5

prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been

Defendant's Initials _____      6

provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information

Defendant's Initials _____        7

pursuant to this agreement, or should the defendant falsely implicate or
incriminate any person, or should the defendant fail to voluntarily and
unreservedly disclose and provide full, complete, truthful, and honest
knowledge, information, and cooperation regarding any of the matters noted
herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or
false declarations, if any, committed while testifying pursuant to this
agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for
the charges which are to be dismissed pursuant to this agreement, if any, and
may either seek reinstatement of or refile such charges and prosecute the
defendant thereon in the event such charges have been dismissed pursuant to
this agreement. With regard to such charges, if any, which have been
dismissed, the defendant, being fully aware of the nature of all such charges
now pending in the instant case, and being further aware of defendant's rights,
as to all felony charges pending in such cases (those offenses punishable by
imprisonment for a term of over one year), to not be held to answer to said
felony charges unless on a presentment or indictment of a grand jury, and
further being aware that all such felony charges in the instant case have
heretofore properly been returned by the indictment of a grand jury, does

hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts

Defendant's Initials _____        9

to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited include, but are not limited to, a forfeiture money judgment in the amount of $639,206.31, representing the proceeds gained as a result of the offense conduct.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _____               10

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and

USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this

Defendant's Initials _____        12

agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials _____            13

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.      Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.      Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.      Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant

factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States

Defendant's Initials _____          15

Attorney's Office to provide to, and obtain from, the United States Probation

Office, the financial affidavit, any of the defendant's federal, state, and local

tax returns, bank records and any other financial information concerning the

defendant, for the purpose of making any recommendations to the Court and

for collecting any assessments, fines, restitution, or forfeiture ordered by the

Court. The defendant expressly authorizes the United States Attorney's Office

to obtain current credit reports in order to evaluate the defendant's ability to

satisfy any financial obligation imposed by the Court.

6.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to

nor bound by this agreement. The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office. The defendant

understands and acknowledges that, although the parties are permitted to

make recommendations and present arguments to the Court, the sentence will

be determined solely by the Court, with the assistance of the United States

Probation Office. Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or

other agents for the government regarding any recommendations by the

government are not binding on the Court and that, should any

Defendant's Initials _JWB_                    16

recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.     <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation

and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set

forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

British Petroleum (BP) was a company engaged in, among other things, oil exploration and production in the United States and elsewhere. On or about April 20 and 21, 2010, an explosion and fire occurred on the Deepwater Horizon, an oil rig in the Gulf of Mexico. The resulting oil spill, with which BP was associated, caused oil pollution across the Gulf of Mexico.

On or about March 2, 2012, BP entered into a Settlement Agreement with plaintiffs in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, a class-action lawsuit pending in the United States District Court for the Eastern District of Louisiana (Case No. 2:10-md-02179-CJB-SS). The Settlement Agreement established the Deepwater Horizon Court-Supervised Settlement Program (Settlement Program).

After June 4, 2012, claims against the Settlement Program were to be submitted to the Deepwater Horizon Economic Claims Center (DHECC) located in Hammond, Louisiana, which was established to review and pay qualified claims under court supervision.

To seek payment from the DHECC for damages incurred as a result of the oil spill, an individual or business was required to complete a DHECC

Defendant's Initials               20

Claim Form. The individual or business could submit the form to the DHECC

Claims Facility in Hammond, Louisiana, through the internet, or by mail

through the U.S. Postal Service (USPS) or other private, commercial carrier.

As part of the claim application, the individual or business seeking payment

was required to elect to receive any payment by wire transfer directly into the

claimant's bank account (or account of their counsel) or by check via mail.

Payments were made from, among other funds, the BP Economic and

Property Damages Settlement Trust, General Claims Fund (the BP Fund).

The defendant, Joseph Bassler, was a resident of St. Petersburg, in the

Middle District of Florida, and was engaged in the business of, among other

things, preparing tax returns (as a licensed tax-preparer) and other

documentation for individuals and businesses. At various times this

commercial enterprise was conducted from the defendant's home office in St.

Petersburg.

The defendant also held himself out to be a professional accountant

who could assist companies affected by the Deepwater Horizon oil spill in

filing business economic loss claims with the DHECC. The defendant

prepared and submitted business economic loss claims for, among other

clients, Beach & Luxury Realty, Inc., Htun Nyunt, Inc., and TNN

Enterprises, Inc. Generally speaking, the defendant had an agreement with his

Defendant's Initials _____                     21

clients that he would receive approximately 15% of their claim recoveries. When the defendant prepared these claims, he did so fraudulently.

In September 2012, the defendant submitted a business economic loss claim on behalf of Beach & Luxury Realty, to the DHECC. In support of this claim, the defendant provided the DHECC with monthly profit and loss statements that the defendant had fraudulently prepared. The defendant knowingly prepared the monthly profit and loss statements in such a way so as to make it appear that Beach & Luxury Realty, suffered greater economic losses due to the Deepwater Horizon oil spill than it actually had. The defendant prepared the fraudulent monthly profit and loss statements with express purpose of increasing the amount of money his clients would receive, and, by extension, the amount of money he would receive. The annual revenue and net income shown on Beach & Luxury Realty's 2007–2010 tax returns were consistent with the annual amounts reported on the fraudulent monthly profit and loss statements that the defendant had prepared, which concealed his fraudulent scheme.

Relying on the false and fraudulent P&Ls that Bassler had prepared, the DHECC determined that it owed Beach and Luxury Realty, $397,884.93. Thus, on October 31, 2012, the BP Fund, from its account at JPMorgan Chase Bank, in New Orleans, LA, issued check #01003638 to Beach & Luxury

Defendant's Initials _____                22

Realty for $397,884.93. This check was mailed via USPS to Beach & Luxury Realty at 7340 Gulf Blvd., St. Petersburg, FL, and later deposited in Beach & Luxury Realty's Synovus Bank account. Beach & Luxury Realty in turn paid the defendant a total of $41,288.49 for preparing its claim. Had the defendant accurately prepared the monthly profit and loss statements, Beach & Luxury Realty would have received approximately $23,000, instead of the $397,884.93 it received based on the defendant's fraudulent monthly profit and loss statements.

In total, the defendant submitted 62 claims to the DHECC, three of which were paid. The remaining claims were denied when the defendant's fraudulent scheme was discovered. In addition to the claim by Beach & Luxury Realty, the defendant fraudulently caused the DHECC to overpay Htun Nyunt, Inc. by approximately $116,229.40 and TNN Enterprises, Inc. by $148,091.98.

The defendant knowingly deposited proceeds he received from the fraudulent scheme described above to his Chase Bank account, and later knowingly used those funds to purchase a cashier's check for $22,598.49. Using this cashier's check, the defendant then purchased a car from Clearwater, Toyota, in the Middle District of Florida.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 25th day of _____April_____, 2017.

W. Stephen Muldrow
~~A. LEE BENTLEY, III~~
Acting United States Attorney

_____
Joseph Bassler
Defendant

_____
Rachel Jones
Assistant United States Attorney

_____
Frank Zaremba
Attorney for Defendant

_____
Simon A. Gaugush
Assistant United States Attorney
Chief, Economic Crimes Section

24